JORDAN P. SCHNITZER, ESQ.
Nevada Bar No. 10744
THE SCHNITZER LAW FIRM
710 South 9th Street, Suite 2
Las Vegas, Nevada 89101
Telephone: (702) 960-4050
Facsimile: (702) 960-4092
Jordan@TheSchnitzerLawFirm.com

LANE S. KAY, ESQ.
Nevada Bar No. 5031
LAW OFFICE OF LANE S. KAY
819 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-1504
Facsimile (702) 384-4322
LSKESQ21@aol.com

*Attorneys for Plaintiff*

THE SCHNITZER LAW FIRM

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AVA WOODFIELD, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY, an unknown entity, DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-03087-CDS-BNW<br><br>**(PROPOSED) DISCOVERY SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

**1. CONFERENCE:**

The parties conducted the Rule 26(f) conference on October 21, 2026, with Jordan P. Schnitzer, Esq., of THE SCHNITZER LAW FIRM, participating for Plaintiff, and Cheyenne Kidd, Esq. of the law firm GORDON REES SCULLY MANSUKHANI, LLP, participating for

Defendant, American Family Insurance Company. This conference included discussion of the points outlined in FRCP 26(f)(2).

**2. DISCOVERY PLAN:**

a. The Parties will exchange their initial FRCP 26(a)(1) disclosures by November 4, 2026.

b. The parties need discovery on all of the claims and defenses presented by the parties. The parties do not request conducting discovery in phases or limited or focused on particular issues.

c. The parties do not anticipate any issues regarding the disclosures, discovery, or preservation of electronically stored information. The parties agreed that electronically stored information should be produced in native format where possible.

d. The parties do not presently anticipate any issues about claims of privilege or of protection, but should an issue arise, the parties will confer to resolve the same, and if needed, seek Court assistance.

e. The parties do not request any changes to the limitations on discovery imposed under the rules.

f. The parties do not request any other orders from the court under FRCP 26(c), 16(b), or 16(c) at this time.

g. Proposed Discovery Plan Dates:

| | |
|---|---|
| • Amending Pleadings and Adding Parties | January 19, 2027 |
| • Initial Expert Disclosures | January 19, 2027 |
| • Rebuttal Expert Disclosures | February 18, 2027 |
| • Discovery Cut-off | April 19, 2027 |
| • Dispositive Motions | May 19, 2027 |
| • Pre-trial Order, if no dispositive motions | June 18, 2027 |

**3. ALTERNATIVE DISPUTE RESOLUTION:** The parties certified that they have conferred regarding alternative dispute resolution and no joint conclusion was reached regarding alternative dispute resolution.

//

THE SCHNITZER LAW FIRM

**4. TRIAL BY MAGISTRATE AND SHORT TRIAL PROGRAM:** The parties considered trial by magistrate and use of the Short Trial Program and determined that neither would be appropriate for this matter.[1]

**5. ELECTRONIC EVIDENCE:** As required under District of Nevada Local Rule 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. More discovery is still needed at this time. The parties shall meet and confer further on this topic, including in an effort to reach stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**6. ELECTRONIC SERVICE:** The parties stipulate that documents requiring mail service shall be sent by electronic mail to the attorney(s) of record and their staff as may be designated by the parties rather than by regular mail and such electronic mail shall constitute service under the rules.

**7. BASIS FOR SPECIAL SCHEDULING:** Defendant first appeared on September 24, 2026, when it filed its Petition for Removal (ECF No. 1). The 180-day period under LR 26-1(b) would therefore close discovery on March 23, 2027. The parties jointly request the above deadlines, because 180 days is not enough time for this case. This is an underinsured motorist case that includes breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, violations of NRS 686A.310, and a claim for punitive damages. That means two largely separate bodies of evidence must be developed. The first is the value of Plaintiff's UIM claim. That turns on her injuries from the October 10, 2024 collision and her course of treatment. Treatment has included chiropractic care and diagnostic imaging. The records also contemplate lumbar medial branch and sacral lateral branch blocks, and radiofrequency denervation of the facet and sacroiliac joints. Plaintiff continues to have residual symptoms, so the parties expect to need medical, future-care, and potential economic experts. The parties also expect Defendant to seek a Rule 35 examination of Plaintiff. That examination has to be agreed upon (including parameters)

---

[1] The parties reserve all objections to documents produced and witnesses identified initial disclosures and any later supplements.

scheduled, conducted, and reported before the parties can complete expert disclosures, rebuttal disclosures, and expert depositions.

The second body of evidence is Defendant's handling of the claim. That will require production of the claim file and Defendant's claims-handling guidelines and training materials. It is anticipated Defendant will claim the need for protection over documents it believes are confidential in nature. Discovery will also require depositions of the out of state adjuster(s) involved and a Rule 30(b)(6) deposition. Each side also expects to retain a claims-handling expert.

Because the medical discovery and the claims-handling discovery must proceed in sequence, the expert schedule depends on the Rule 35 examination, and key witnesses are out of state, the parties cannot reasonably expect to finish discovery in 180 days. This is further exacerbated by the fact that many expert witnesses have limited availability during the holiday season.

The parties are not seeking an extension for delay. They are proposing a schedule they can actually meet without having to ask the Court for repeated extensions later.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2026

Submitted by:

DATED this 6 day of November 2026.

**THE SCHNITZER LAW FIRM**

/s/ Jordan P. Schnitzer, Esq.

Jordan P. Schnitzer, Esq.
Nevada Bar No. 10744
710 South 9th Street, Suite 2
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Approved as to Form and Content:

DATED this 6 day of November 2026

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Cheyenne A. Kidd, Esq.

Cheyenne A. Kidd, Esq.
Nevada Bar No. 16559
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101
*Attorneys for Defendant*



THE SCHNITZER LAW FIRM